UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM MAGALLON-GARCIA,<br><br>　　　　　　　　　　Defendant. | Case No. 21-cr-03003-BAS-1<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br>**(ECF No. 44)** |

  Defendant William Magallon-Garcia pled guilty to importing cocaine. (ECF No. 22.) According to the Presentence Report, Defendant has two prior 3-point drug felony convictions. (Presentence Report ¶¶ 33–34, ECF No. 26.) Therefore, his criminal history point total is 6, and the Probation Department added 2 points because Defendant committed this offense while on Probation for his earlier drug felony. (*Id.* ¶ 36.) A criminal history score of 8 resulted in a criminal history category of IV, and with a base offense level of 27, the Court calculated Defendant's guideline range to be 100–125 months. However, the Court departed downward for fast track because Defendant pled guilty early and waived

his right to appeal, and the Court also departed downward for the "safety valve equivalent."[1]

Since Defendant was sentenced, the U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based these amendments, Defendant now files a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c) and General Order 755. (ECF No. 44.) The Court referred the case to the Federal Defenders Office to assess whether counsel was necessary. (ECF No.

---

[1] At the time Defendant was sentenced, there was a question as to whether Defendant was entitled to "safety valve" under U.S.S.G. § 2D1.1(b)(18) and 5C1.2(a)(1). That issue has recently been resolved in *Pulsifer v. United States*, 144 S. Ct. 718 (2024), which held that a defendant, like Mr. Magallon-Garcia, who has two prior 3-point felonies, is not eligible for safety valve. Nonetheless, Defendant received this benefit at the time he was sentenced.

45.) Federal Defenders filed a Status Report indicating that the "Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 47.)

Defendant is correct that under the new sentencing guidelines, he would receive two less criminal history points, and his criminal history category would only be a III. Thus, his new guideline range would be 87–108 months. However, at sentencing, the Court departed downward from the guideline range and ultimately sentenced Defendant to 57 months. (ECF No. 43.)

Under Application Note 3 to U.S.S.G. §1 B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 87 months. Since the Court sentenced Defendant to a lower sentence of 57 months and the same Section 3553(a) factors apply that warranted this sentence in the first place, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion to Reduce Sentence (ECF No. 44) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

Hon. Cynthia Bashant
United States District Judge